USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,             :
                                       :
            -v-                        :         20-cr-304 (AJN)
                                       :
JESUS RIVERA,                          :         OPINION & ORDER
                                       :
            Defendant.                 :
                                       :
------------------------------------------------------------------------X

ALISON J. NATHAN, United States District Judge:

Defendant Jesus Rivera appeals the Magistrate Judge's bail determination requiring him to be detained pending trial. For the reasons that follow, the Magistrate Judge's decision is affirmed, Mr. Rivera's renewed request for bail is denied, and Mr. Rivera is ordered to remain detained pending trial.

## I.     BACKGROUND

The Complaint alleges that in April 2020, Mr. Rivera brandished a firearm in a Bronx apartment and threatened to shoot his girlfriend, who was hiding in a bathroom. Complaint, Dkt. No. 1, ¶ 4(b). While Mr. Rivera was brandishing this firearm and making these threats, he and his girlfriend's two children and his girlfriend's 11-year-old son were also present in the apartment. *Id.* ¶ 4(b). The 11-year-old then left the apartment, went downstairs, and informed two NYPD officers that his mother's boyfriend had a gun and was threatening his mother. *Id.* While the boy, the boy's father, and the officers waited in the lobby for the elevator, the Defendant exited the stairwell. *Id.* The boy identified the Defendant as the man who had been threatening his mother with a gun. *Id.* The NYPD officers observed that the Defendant had a

gun handle protruding from his pants and apprehended him. *Id.* ¶¶ 4(b)–4(c). The officers recovered a "loaded black Norinco 9MM semiautomatic pistol" from the Defendant. *Id.* ¶ 4(c).

After he was apprehended, but while still at the scene, Mr. Rivera threatened the NYPD officers, the boy, and the boy's father. *Id.* ¶ 5. Mr. Rivera also told the boy's father to keep the boy in his custody, because after he was released Mr. Rivera would ensure that his girlfriend "will be no more." *Id.*

In May 2020, Mr. Rivera was taken into federal custody and presented before Magistrate Judge Aaron. *See* Dkt. No. 4. After a lengthy hearing, the Magistrate Judge ordered that Mr. Rivera be detained pending trial because "the Government [had] met its burden of showing dangerousness and that there [were] no conditions that [would] reasonably assure the safety of any other person and the community." *Id.* at 2.

On June 15, 2020, a grand jury returned a one-count indictment charging Mr. Rivera with being a felon-in-possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. Dkt. No. 10. Mr. Rivera now appeals the Magistrate Judge's bail determination and seeks release upon condition.[1]

## II. LEGAL STANDARD

A district court reviews a magistrate judge's decision to release or detain a defendant de novo. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *Gotti v. United States*, 358 F.Supp.2d 280, 283 (S.D.N.Y. 2005); *United States v. Smith*, No. 02-cr-1399, 2002 WL 31521159, at *1 (S.D.N.Y. Nov. 13, 2002). The Court must order detention if "no condition or

---

[1] Though Mr. Rivera requests a hearing, district courts are not required to hold hearings on appeals of a magistrate judge's bail determination. *Compare* 18 U.S.C. § 3142 (requiring a hearing for initial bail determinations), *with id.* § 3145 (not doing so); *see, e.g.*, *United States v. Morgan*, No. 12-cr-223 (VM), 2014 WL 2465278, at *1 (S.D.N.Y. May 12, 2014) (not holding a hearing in this posture and deciding a bail appeal solely on the papers); *United States v. Melgar*, No. 2:20-CR-134, 2020 WL 4274541, at *1 (W.D. Pa. July 24, 2020) (same); *United States v. Murray*, 2020 WL 3433340, at *1 (D. Md. June 23, 2020) (same). Given the overwhelming uncontested evidence in this case favoring detention, the Court does not find a hearing necessary.

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). In particular, a finding of dangerousness must be supported by clear and convincing evidence. *See United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995). And in making this determination, the Court must consider the factors listed in 18 U.S.C. § 3142(g), which include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, and the history and characteristics of the defendant.

### III.   ANALYSIS

On *de novo* review of the evidence proffered by the Government and Mr. Rivera, the Court concludes that no condition or combination of conditions would reasonably assure the safety of others in the community if Mr. Rivera were released from federal custody.

First, the Court must consider the "nature and circumstances of the offense, including whether the offense is a crime of violence . . . or involves a . . . firearm[.]" 18 U.S.C. § 3142(g)(1). Here, Mr. Rivera is charged with possession of a firearm after having been convicted of a felony. In *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000), the Second Circuit held that being a felon in possession of a firearm is a "crime of violence" under the Bail Reform Act. The first statutory factor weighs in favor of detention for this reason alone.

The facts underlying Mr. Rivera's arrest, which are laid out in the Complaint and are largely not disputed by Mr. Rivera for purposes of this bail appeal, further support detention. According to the Complaint, the Defendant was arrested after a young child reported that his mother was hiding in her bathroom while Mr. Rivera banged on the bathroom door with a loaded gun and threatened to shoot her. Not only did Mr. Rivera pose a clear and present threat to his girlfriend, but by brandishing a loaded firearm in an apartment, he also posed a danger to the

three minor children also in the apartment at that time. *See* Compl. ¶ 4. And even after his arrest, Mr. Rivera made threatening statements to NYPD officers and others on the scene. Specifically, Mr. Rivera "threatened to punch the NYPD officers, their sergeant, and their lieutenant in the face and to bite their faces off." Compl. ¶ 5. Most worryingly, Mr. Rivera warned the boy's father that if he were released from custody, "the 'baby mama,'' that is, the Mother, 'will be no more.'" *Id.* The violent nature and circumstances of this offense clearly warrant detention. *See* 18 U.S.C. § 3142(g); *see also* Dkt. No. 4 at 2 (Magistrate Judge: "Here, you after having been convicted of a felony you were found in possession of a loaded 9MM semiautomatic pistol and you made a threat against . . . the mother of your children.").

Second, the Court must consider "the weight of the evidence" against Mr. Rivera. 18 U.S.C. § 3412(g)(2). The Government represents that the evidence against him is strong. There is purportedly video surveillance capturing the young boy identifying the Defendant to the NYPD officers, those officers approaching the Defendant after observing his firearm, and the threatening statements the Defendant made following his arrest. *See* Dkt. No 27 at 3–4. In addition, the NYPD officers recovered the loaded firearm that the Defendant possessed at the time of his arrest. *Id.* The Defendant notes however that evidence has been disclosed in discovery in which the victim "asserts that Mr. Rivera 'never put his hands on' her" and "never describes being threatened with a gun, or even seeing one." Def. Br. at 2–3. Still, the Defendant does not challenge the video evidence, his threats to law enforcement, his threats to the victim, and the Government's recovery of the loaded weapon. Though Mr. Rivera is presumed innocent until proven guilty, the Government's evidence for the felon-in-possession charge appears strong at this stage, and thus this factor also weighs in favor of detention.

Third, the Court considers Mr. Rivera's "history and characteristics." 18 U.S.C. § 3142(g)(3). As laid out in the Complaint, the Defendant was convicted in Bronx County Supreme Court of attempted murder in 2006, and was sentenced to seven years' imprisonment. Compl. ¶ 3. The Government now represents, and Mr. Rivera does not dispute, that Mr. Rivera was released in 2011 and violated his parole at least three times. Dkt. No. 27 at 4. He received two violations for absconding on his parole. *Id.* And in 2015, he violated his parole by assaulting the same victim as in this case. *Id.* He was arrested and incarcerated for several months as a result. New York also entered an order of protection against him for the victim and her children. These facts are further confirmed by Pretrial Services. Pretrial Services Report at 2–4 (summarizing the Defendant's criminal history and noting several other criminal convictions not discussed here). The Defendant's criminal history therefore reflects a record of violent and dangerous conduct.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community" that the Defendant's release would pose. 18 U.S.C. § 3142(g)(4). As noted, Mr. Rivera has been convicted of attempted murder, was involved in a domestic violence incident that led to a violation of the terms of his state parole, and is now charged of being a felon-in-possession of a loaded firearm used to threaten the same victim—in the presence of three young children. And the Defendant's violent conduct did not abate after his arrest; to the contrary, he threatened to kill the victim upon release from custody. This type of conduct fits squarely within the scope of serious danger to any person or the community. *See* Dkt. No. 4 at 2 (Magistrate Judge: "The Court has serious concerns for the safety of [this victim]"); *accord Dillard*, 214 F.3d at 93.

In sum, each statutory factor factors detention. The Government has met its burden in showing dangerousness by clear and convincing evidence, and there are no set of conditions that the Court could impose that would assure that Mr. Rivera, if released, would not pose a threat to the victim in this case, her children, and others of the community. The Court thus orders that Mr. Rivera be detained pending trial.

## IV. CONCLUSION

For the reasons stated above, the Court affirms the decision of the Magistrate Judge, denies the Defendant's renewed request for bail, and orders that Mr. Rivera remain detained pending trial.

SO ORDERED.

Dated: July 31, 2020  
      New York, New York                          _____  
                                                    ALISON J. NATHAN